IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **ANNA LISA STOKES** § | |
| § | |
| **VS.** § | **C.A. NO. _____** |
| § | |
| **CHEVRON SHIPPING COMPANY, LLC, and** § | |
| **CHEVRON U.S.A., INC.** § | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ANNA LISA STOKES, hereinafter referred to as Plaintiff, complaining of CHEVRON SHIPPING COMPANY, LLC, and CHEVRON U.S.A., INC. hereinafter referred to as Defendants, and for cause of action would respectfully show this Honorable Court as follows:

1. Plaintiff, Anna Lisa Stokes is a resident of Irving, Texas

2. Defendant, Chevron Shipping Company, LLC, is a Foreign Limited Liability Company (LLC) with offices within the Southern District of Texas and is doing business in the State of Texas. It may be served by serving its registered agent, Corporation Service Company DBA CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant, Chevron U.S.A., Inc., is a Foreign For-Profit Corporation with offices within the Southern District of Texas and is doing business in the State of Texas. It may be served by serving its registered agent, Prentice-Hall Corp System, Inc. 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Jurisdiction in this case is founded on the Jones Act, 46 U.S.C. Sections 30104, 30105, and 30106 (46 U.S.C.§688), Title 29 U.S.C.§1333 and the general maritime law.

5. On or about the 29th of July, 2009, Plaintiff was employed as a Prep Cook on board the *M/V Mississippi Voyager* owned and operated by the Defendant. While aboard said vessel and in the course and scope of her employment, Plaintiff injured her back and body. Such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessels and its appurtenances, which was owned, operated and maintained by the Defendant.

6. On or about the 12th of November, 2009, Plaintiff was employed as a Deckhand Utility Person on board the *M/V California Voyager* owned and operated by the Defendant. While aboard said vessel and in the course and scope of her employment, Plaintiff injured her back and body. Such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessels and its appurtenances, which was owned, operated and maintained by the Defendant.

7. In addition, her injuries were caused in whole or in part, as a proximate result of negligence on the part of the Defendants, their agents, servants and/or employees.

8. As a result of said incidents, Plaintiff sustained injury to her person and has sustained and will sustain in the future the following damages: physical pain; mental anguish; a loss of earnings; loss of earning capacity; loss of earning capacity; medical, hospital and pharmaceutical expenses; loss of life's pleasures; loss of physical capacity; disfigurement; and loss of ability to perform household services. By reason of the foregoing, Plaintiff would show that she is entitled to judgment for damages and punitive damages in a sum in excess of the minimum jurisdictional requirements of the Court, for injuries and damages which the Plaintiff has suffered and in reasonable probability will suffer in the future.

9. The Plaintiff further states that the Defendants have unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to her in such sums as were due, and that

Defendants have further unreasonably, arbitrarily, willfully and capriciously refused to provide her with medical cure.  As a result of Defendants' unreasonable failure to pay maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of her injury, pain and suffering, and additional medical expenses.  Plaintiff states that in addition to such maintenance and cure benefits as she is entitled, that she found it necessary to engage attorneys to represent her in the maintenance action and that she is entitled to and brings this suit for the reasonable attorneys' fees and for the collection of the maintenance and cure benefits due her.  Therefore, for the aforementioned reasons, Plaintiff states that she is entitled to maintenance and cure benefits, compensatory damages and attorneys' fees, and for such other and further sums as the Court and/or jury may find reasonable at the time of the trial of this cause. Additionally, if the jury so finds that Defendants refused to provide either maintenance or cure and that such refusal is willful, wanton and capricious, Plaintiff is entitled under law to punitive damages to punish and deter such conduct by Defendants and others so situated.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final trial hereof Plaintiff have judgment, against said Defendants for the full amount of her damages in a sum in excess of the minimum jurisdictional limits of the Court, with prejudgment and post-judgment interest thereon at the highest legal rate, for costs of Court in this behalf expended, and for such other and further relief, special and general, at law or in equity, to which Plaintiff may show herself to be justly entitled.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Respectfully submitted,

**HAROLD EISENMAN, P.C.**

By:   /s/ Harold Eisenman
      Harold Eisenman
      Federal ID No.: 1346
      State Bar No. 06503500
      2603 Augusta, Suite 2603
      Houston, Texas 77057
      (713) 840-7180 ~ (713) 840-9620 - Fax
**ATTORNEY FOR PLAINTIFF**